UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**R**ANDAL **L**EE **T**HOMPSON,

   Plaintiff,

v.                                            No. 4:22-cv-0640-P

**C**HRISTOPHER **B**UMPAS, **ET AL.**,

   Defendants.

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

   United States Magistrate Judge Jeffrey L. Cureton issued Findings, Conclusions, and a Recommendation ("FCR") regarding the adequacy of Plaintiff's Amended Complaint and his claims. ECF No. 12. The FCR recommended that the Court dismiss this case for Plaintiff's failure to state a claim upon which relief can be granted. *Id.* at 5. Plaintiff then filed an Objection to the FCR. ECF No. 13.

   Having conducted a *de novo* review of the portions of the FCR which were properly objected to, the Court **OVERRULES** Plaintiff's Objection (ECF No. 13), **ADOPTS** the reasoning in the Magistrate Judge's FCR (ECF No. 12), and **DISMISSES** this case with prejudice as to its refiling.

   Normally, a magistrate judge's FCR regarding a dispositive matter is reviewed *de novo* if a party timely objects. F<small>ED</small>. R. C<small>IV</small>. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings, in whole or in part. *Id.* However, a party objecting to the FCR must "file *specific* written objections to the proposed findings and recommendations." F<small>ED</small>. R. C<small>IV</small>. P. 72(b)(2) (emphasis added). Meaning, an objection must be "sufficiently specific to put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the

basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. *United States v. Mathis*, 458 F. Supp. 3d 559, 564 (E.D. Tex. 2020), *R. & R. adopted by* 458 F. Supp. 3d 559 (E.D. Tex. 2020). In the event that a party objecting to the FCR fails to assert specific objections, the district court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.3d 419, 421 (5th Cir. 1987).

Here, even affording Plaintiff's filings the requisite leniency that the United States Court of Appeals for the Fifth Circuit has mandated in cases involving *pro-se* litigants, the Court cannot discern a particular determination made by the Magistrate Judge in his FCR that Plaintiff is objecting to. *See* ECF No. 13; *see also Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). Instead, Plaintiff asserts one conclusory objection, stating that he generally objects to dismissal of this case. *Id.* (asserting that "Randal Lee Thompson . . . hereby OBJECT[s] to dismissal of this lawsuit.") But a generalized objection to the FCR in its entirety does not constitute a specific, written objection within the meaning of Rule 72(b). *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002).

Plaintiff also cites to multiple sections of the United States Code without providing an explanation as to how they may provide support for his claims or Objection to the FCR. *Id.* (citing to the federal criminal laws pertaining to the deprivation of civil rights and miscellaneous provisions that are applicable to courts and judges, such as a description of the required oath of office or the definition of the practice of law by judges.) Simply put, the Court need not credit these assertions as meritorious bases to object to the Magistrate Judge's FCR because they lack any degree of specificity that would put the Court on notice of the alleged errors of the Magistrate Judge's FCR or his reasoning. *See Battle*, 834 F.2d at 421. Accordingly, the Court **OVERRULES** Plaintiff's generalized objection to the FCR.

Having considered the Magistrate Judge's FCR, Plaintiff's Amended Complaint, and Plaintiff's Objection, the Court **OVERRULES** Plaintiff's Objection, **ADOPTS** the reasoning in the Magistrate Judge's FCR, and **DISMISSES** this case with prejudice as to its refiling. An accompanying Final Judgment will be entered this same day.

**SO ORDERED** on this **12th day** of **December 2022.**

*Mark T. Pittman*
Mark T. Pittman
UNITED STATES DISTRICT JUDGE